M/D 1

IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA

RECEIVED

Elijah Coleman )   2008 FEB 15 A 9: 41
Full name and prison name of )
Plaintiff(s) )   DEBRA P. HACKETT, CLK
 )   U.S. DISTRICT COURT
v. )   MIDDLE DISTRICT ALA.
 )   CIVIL ACTION NO. 2:08CV109-F
 )   (To be supplied by Clerk of U.S. District
Ala. Dept. of Corrections )   Court)
Warden Jones )
W.E. Donaldson Corr. Fac., )
Lt. Jones, CO B. Knowlton, )
Capt. Gordy, T. Keys, )
A.W. Hetzel, )
Name of person(s) who violated your )
constitutional rights. (List the names )
of all the person.) )

I.  PREVIOUS LAWSUITS
    A.  Have you begun other lawsuits in state or federal court dealing with the same or similar facts involved in this action? YES ☐  No ☒

    B.  Have you begun other lawsuits in state or federal court relating to your imprisonment?   YES ☒   NO ☐

    C.  If your answer to A or B is yes, describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)  Writ of Habeas,

        1.  Parties to this previous lawsuit:

            Plaintiff(s) Elijah Coleman

            Defendant(s) Kilby's Warden Holts, Atty. General, State of Alabama

        2.  Court (if federal court, name the district; if state court, name the county)
            U.S. District Court for the Middle District of Alabama.

C. Lawsuits (2)

1. Parties to previous Lawsuit:
   Plaintiff, Elijah Coleman
   Defendants, State of Alabama, City, County, State Legal Officials, Employees, Appointed Attorney,

2. Court: United States District Court for the Middle District of Alabama

3. Docket No. 2:07-CV-535-ID

4. Name of Judge case was assigned: U.S. Magistrate Susan R. Walker

5. Disposition: ~~Pending~~ dismissed as untimely and filed to early before resolution.

6. Approximate date of Lawsuit filing: July, 07

7. Approximate date of disposition: ~~Pending~~ Nov. 07

3. Docket number 2:07-CV-534-MHT

4. Name of judge to whom case was assigned U.S. Magistrate Wallace Capel, Jr.

5. Disposition (for example: Was the case dismissed? Was it appealed? Is it still pending?) dismissed w/prejudice for lack of exhaustion / may appeal

6. Approximate date of filing lawsuit July 2007

7. Approximate date of disposition Sept. 2007

II. PLACE OF PRESENT CONFINEMENT W.E. Donaldson Correctional Center, 100 Warrior Lane, Bessemer, Alabama 35023

PLACE OF INSTITUTION WHERE INCIDENT OCCURRED Same as II.

III. NAME AND ADDRESS OF INDIVIDUAL(S) YOU ALLEGE VIOLATED YOUR CONSTITUTIONAL RIGHTS.

NAME | ADDRESS
1. Warden Kenneth L. Jones — WEDCF, 100 Warrior Lane, Bessemer, AL. 35023
2. Commissioner, State of Ala. Dept. of Corr. —
3. Lt. Jones                                " "    " "
4. Officer B. Knowlton                      " "    " "
5. Capt. Gordy                              " "    " "
   Off. T. Keys                             " "    " "
   (A.W.) Hatzel (Assist Warden)            " "    " "
6.

IV. THE DATE UPON WHICH SAID VIOLATION OCCURRED Aug. 19, 2007

V. STATE BRIEFLY THE GROUNDS ON WHICH YOU BASE YOUR ALLEGATION THAT YOUR CONSTITUTIONAL RIGHTS ARE BEING VIOLATED:

GROUND ONE: Prison poorly/unjustly managed by uncaring/lazy staff, creating danger for all inmates/society/staff. The real safety, security hazards.

2

STATE BRIEFLY THE FACTS WHICH SUPPORT THIS GROUND. (State as best you can the time, place and manner and person involved.) Rule #62, Regulation # 403 Staff's actions reflected in Aug.19, 07 Incident Report (file # 07-1057 by Officer Brandon Knowlton, against petitioner, Instigated by a paranoid Inmate, who manipulated a group attack on petitioner (aided by staff who opened locked- (3A cont.)

GROUND TWO: Staff encouraged "set-up situations for violence among prisoners, Ignores Correction policies, Due Process, Inmate Rights

SUPPORTING FACTS: Staff violated Due Process Rights by dictating their rage policies, Negating my requests and the policies of a fair due process. No witnesses called (denied by hearing Officer Keys) for petitioner, as requested, (2) key witnesses who knew I was in my assigned cell (A 23) with the door (3B cont.)

GROUND THREE: _____

_____

SUPPORTING FACTS: _____

_____

3.

Supporting Facts Cont..

Gds. (1) cont... cell of petitioner for non-assigned attackers) and ignored attack in dark cell. Incident was false on it's face (ignored by the lack of investigation). Inmate Smith who quoted report to staff (citing himself as sole attacker) to protect his co-attackers, reported to witnesses that he saw nothing, but was following words from "original instigator" (who was not sought) so the report is based on heresay speculations. Smith was not in the shower (as reported) he could not see room A-9 from the showers in A unit. Staff misinterpreted a statement petitioner made as admitting to incident. Hearing officer took word of staff in guilty verdict and seg. punishment. Staff was too lazy, uncaring to do their public paid jobs and truly provide safety, follow policies, protect rights\lives by investigating reports in intelligent, unbias ways. There was no masterbating towards shower with door open. Inmate Smith attacks and lies to gain gang incentives. After release from gang attack on petitioner, he and others were re-segregated for attacking someone else. Staff believed Smith over me, ignored me and allowed another attack that included Smith. Staff has ignored other attackers? Ignored truth\fairness, why? Staff that opened cell door for attackers (name unknown)

3A.

Ends (2) cont... locked when attackers arrived, were not killed, sought or questioned. Staff didn't want to or didn't have the intelligence to see though the common inmate smoke screens of deception.

Lt. Jones called the names, placed me in segregation so that attacker and I would be out for showers to attack each other again but attacker couldn't get any support for another attack. Lt. Jones come to petitioner's seg. (segregation) cell and told cellmate that inmate Smith had busted my hand. Lt. Smith takes every opportunity to instigate, tell others about the false report and stating "I was lucky I didn't get killed," so he knows the seriousness of the issue. So his acts are intentionally designed to spark violence among inmates.

Capt. Gordy told attacker that "he was doing staff's job" by attacking me. (although staff in "2 block" made no reports of seeing me do none of the acts cited in incident report by Knowlton, who was not in the unit.) Other staffers approved the report, completely ignoring it's contradictions and the fact it could not have happened as speculated and should have been dismissed. Staff acts so unprofessional, uncivilized in their duties, full of anger, rage at the thought of following policy. Requests, letters to warden ignored.

3B.

Legal material delayed because of the lazy notary service, for those in segregation units (especially "W") no legal library services are provided, no legal supplies. The (2) per week stamps (41 cent stamps) for legal material mail is rarely picked up in "W"-seg. units. Also bulky legal petitions, copies, etc. legally required, is also delayed (for those who cannot afford stamps) because it has to be mailed in parts, spread out over weeks, to comply w/ the postage limit.

I was placed in seg. with inmate staff knew was a studied/medically treated mental psychotic. One of us could have seriously harmed the other. Inmate also homeboy of attackers. Staff's dangerous to also themselves and society because thinking never seems a priority, with resulting constant fights/violence between staff and inmates, in a system so void of proper, caring leadership that serious mental habits are cultured and carried back into society, including AIDs, as homosexuality is seemingly openly encouraged, in a system reportedly infested with AIDS, other spreadable illnesses.

The incident cited in this complaint never happened, but taken as gospel by staff, even after I gave the hearing officer Keys a written statement explaining the deceptions in report. They ignore policies/fairness to support each others deceptions. I was placed in seg. and remained until future "corrections" are made to prevent repeated rights violations.

3L.

VI. STATE BRIEFLY EXACTLY WHAT YOU WANT THE COURT TO DO FOR YOU. MAKE NO LEGAL ARGUMENT. CITE NO CASES OR STATUTES.

Clear Inkident Report from Record w/written Apology for D.O.C., Place Inmate Attackers on Enemy List, $100,000 per month from Aug. 19, 07 to date. All Staff members involved are terminated as Employees of the Alabama Dept. of Corrections. That Polikies followed, rights respekted or lazy disrespekting Staffer terminated. Plus Atty. filing, Court kost, etc. fees.

_Elijah Coleman_
Signature of plaintiff(s)

I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED on Sept. 15, 2007 .
(Date)

_Elijah Coleman_
Signature of plaintiff(s)

4

Elijah Coleman
250079 (W-29)
Donaldson Corr. Fac.
100 Warrior Lane
Bessemer, Ala. 35023



Office of the Clerk
United States District Court
P.O. Box 711
Montgomery, Ala.
36101-0711

1-7-08
Legal

Legal