IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

ELIJAH COLEMAN, #250 079             *

    Plaintiff,                          *

    v.                                  *       2:08-CV-109-MEF
                                                  (WO)
ALA. DEPT. OF CORRECTIONS, *et al.*, *

    Defendants.                         *

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this 42 U.S.C. § 1983 action, Elija Coleman, a state inmate, challenges the conditions under which he is presently confined. Plaintiff is incarcerated at the William E. Donaldson Correctional Facility. This correctional facility is located within the jurisdiction of the United States District Court for the Northern District of Alabama.

Upon review of the factual allegations presented in the complaint, the court concludes that this case should be transferred to the United States District Court for the Northern District of Alabama pursuant to 28 U.S.C. § 1404.[1]

**DISCUSSION**

A civil action filed by an inmate under authority of 42 U.S.C. § 1983 "may be brought . . . in (1) a judicial district where any defendant resides, if all defendants reside in the same

---

[1] Attached to Plaintiff's complaint is an affidavit in support of a request for leave to proceed *in forma pauperis*. Pursuant to the provisions of 28 U.S.C. § 1915, this court makes no determination with respect to such request as the assessment and collection of any filing fee should be undertaken by the United States District Court for the Northernn District of Alabama.

State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b). However, the law further provides that "[f]or the convenience of parties and witnesses, [and] in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought." 28 U.S.C. § 1404(a).

It is clear from Plaintiff's recitation of the facts that the conditions of confinement about which he complains and about which he has personal knowledge occurred and/or are occurring at a correctional institution located in the Northern District of Alabama, an institution in which Plaintiff is currently incarcerated. Moreover, those individuals personally responsible for the conditions of this facility are employed at an institution outside the jurisdiction of this court. Thus, the majority of material witnesses and evidence associated with those claims relevant to Plaintiff's confinement are located in the Northern District of Alabama. Although by virtue of his position as Commissioner of the Alabama Department of Corrections, Defendant Allen resides in the Middle District of Alabama, he is subject to service of process throughout the state and commonly defends suits in all federal courts of this state.

In light of the foregoing, the court concludes that in the interest of justice and for the convenience of the parties this case should be transferred to the United States District Court for the Northern District of Alabama for review and determination.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be TRANSFERRED to the United States District Court for the Northern District of Alabama pursuant to the provisions of 28 U.S.C. § 1404.  It is further

ORDERED that on or before **March 7, 2008** the parties may file objections to the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 20th day of February, 2008.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE